JOURNAL ENTRY AND OPINION
{¶ 1} Terrance Ballou has filed a timely application for reopening pursuant to App.R. 26(B). Ballou is attempting to reopen the appellate judgment as rendered in State v. Ballou,
Cuyahoga App. No. 83160, 2004-Ohio-2339, which affirmed his conviction for the offenses of possession of drugs (R.C. 2925.11) with a major drug offender specification, trafficking in drugs (R.C. 2925.03) with a major drug offender specification, and possessing criminal tools (R.C. 2923.24). We decline to reopen Ballou's appeal.
 {¶ 2} The doctrine of res judicata prevents the reopening of Ballou's appeal. Errors of law that were either previously raised or could have been raised through an appeal may be barred from further review based upon the application of res judicata. See, generally, State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104, paragraph nine of the syllabus. The Supreme Court of Ohio has also established that a claim of ineffective assistance of appellate counsel may be barred by the doctrine of res judicata unless circumstances render the application of the doctrine unjust. State v. Murnahan (1992), 63 Ohio St.3d 60,584 N.E.2d 1204.
 {¶ 3} In support of his application for reopening and the appurtenant claim of ineffective assistance of appellate counsel, Ballou raises three proposed assignments of error that were not raised by counsel upon direct appeal:
"The trial court erred by failing to apply the `attempt' statute (section 2929.02 of the revised code) and convicting the appellant of the principal offense where the essential elements of the principal offense have not yet been fully and completely occurred in a physical sense although the intent for the offense itself was present."
"The trial court erred by finding the appellant guilty on insufficient evidence where the inferences from the circumstantial evidence and the reasonable inferences which could be drawn therefrom could be fairly be either inculpatory or exculpatory."
"The appellant's right to effective appellate counsel was not satisfied where said appellate counsel failed to present an assignment of error based upon the sufficiency of the evidence were only circumstantial evidence provided the factual basis for the conviction."
 {¶ 4} Each one of the aforesaid three proposed assignments of error were raised, as propositions of law, through an appeal filed in the Supreme Court of Ohio on July 1, 2004. The Supreme Court of Ohio, on October 13, 2004, dismissed Ballou's appeal. Since the issues supporting Ballou's claim of ineffective assistance of appellate counsel were already raised upon appeal to the Supreme Court of Ohio, the doctrine of res judicata now bars any further review of the claim. State v. Dehler,73 Ohio St.3d 307, 1995-Ohio-320, 652 N.E.2d 987; State v. Terrell,72 Ohio St.3d 247, 1995-Ohio-54, 648 N.E.2d 1353; State v. Smith
(Jan. 29, 1996), Cuyahoga App. No. 68643, unreported, reopening disallowed (June 14, 1996), motion no. 71793.
 {¶ 5} Accordingly, we decline to reopen Ballou's original appeal and deny his application for reopening.
Kilbane, not participating Rocco, J., concurs,