[Cite as *State v. Padgett*, 2011-Ohio-1927.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 95065

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ALFONSO PADGETT

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-369446

**BEFORE:**   E. Gallagher, J., Kilbane, A.J., and Stewart, J.

**RELEASED AND JOURNALIZED:**   April 21, 2011

**ATTORNEY FOR APPELLANT**

John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    Thorin O. Freeman
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶ 1}   Appellant, Alfonso Padgett ("appellant"), appeals his sentence and seeks to have the sentence vacated and the case remanded for an allied offenses hearing and a new sentencing hearing.   Appellant argues that the trial court should have conducted an allied offenses voir dire hearing at his 2008 resentencing, that the trial court mistakenly believed it could not consider appellant's prison record at resentencing, and that the trial court erred by

ordering consecutive sentences without making findings pursuant to R.C. 2929.14(E)(4). For the following reasons, we affirm.

{¶ 2} On November 17, 1998, appellant was indicted by a Cuyahoga County Grand Jury on charges of kidnapping with a sexual motivation specification and rape. On January 6, 1999, appellant pled guilty to kidnapping and to the rape charge, which was amended to remove the specification requiring a life sentence. The trial court conducted a sentencing hearing on January 25, 1999. The transcript of this sentencing hearing was not filed with the Court as part of this appeal. However, the trial court's journal entry from the sentencing indicates that the trial court "considered all of the required factors of the law." The trial court imposed a prison term of seven years on the kidnapping charge and eight years on the rape charge to run consecutive to one another. Defendant did not appeal from his original sentencing.

{¶ 3} Appellant was not properly advised of postrelease control at the original sentencing and, thus, on March 28, 2008, the trial court held a resentencing hearing for the sole purpose of remedying this omission. At the resentencing hearing, the trial court heard from appellant, his attorney, and his sister regarding his efforts toward rehabilitation while in prison. The trial court reimposed the original sentence of seven years on the kidnapping charge (Count 1) and eight years on the rape charge (Count 2) to run consecutive to one another. Defendant did not appeal from this sentencing hearing.

{¶ 4}  On December 11, 2009, appellant moved the trial court for a new sentencing hearing, arguing that he had served the entire prison term on the rape charge prior to the 2008 resentencing hearing and the trial court lacked jurisdiction to resentence appellant on the rape. Additionally, appellant argued that the March 28, 2008 judgment of conviction failed to contain the manner of conviction, i.e. the guilty plea, the jury verdict, or the finding upon which the conviction was based.  Subsequently, the trial court issued a journal entry on April 8, 2010, correcting the defects and clarifying that the kidnapping sentence had expired prior to the 2008 resentencing hearing and that appellant was to serve the remainder of the 8 year rape sentence.  The trial court vacated the postrelease control sentence for the expired kidnapping charge but left in place the postrelease control imposed for the rape charge.  The trial court then assigned the Public Defender for the purposes of appeal.  It is from this April 8, 2010 journal entry that appellant now appeals, raising the three assignments of error contained in the appendix to this opinion.

{¶ 5}  In his first assignment of error, appellant argues that his sentence must be vacated and the case remanded for a voir dire hearing to determine if the offenses to which he pled guilty are allied offenses of similar import pursuant to R.C. 2941.25(A) for which only a single conviction may be entered. The trial court did not engage in an allied offenses voir dire at appellant's resentencing hearing.  Though appellant states in his brief that defense counsel raised the issue of allied offenses at sentencing, a careful review of the transcript from the

March 28, 2008 resentencing reveals that the issue was not raised by either the defendant or the trial court.

{¶ 6} On this appeal from his resentencing, appellant now, for the first time, raises the issue of merger of allied offenses. Mindful of the Ohio Supreme Court's recent decision in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, we examine whether or not the issue of merger of allied offenses is res judicata. Prior to *Fischer*, the Seventh District in *State v. Dillard*, Jefferson App. No. 08 JE 35, 2010-Ohio-1407, summarized the unclear issue of whether or not an appellant could raise the issue of merger for the first time on a resentencing appeal. The Seventh District stated, "[t]here is not a complete consensus among the Ohio districts as to whether the issue of merger can be raised for the first time on a resentencing appeal. The majority of Ohio's Appellate Districts believe that the issue of merger must be raised in an appellant's first direct appeal, or else it is barred by res judicata. * * * However, some courts have provided merger analysis in a resentencing appeal without addressing the issue of res judicata." Id.

{¶ 7} Prior to *Fischer*, the Ohio Supreme Court's decision in *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, held that a sentence which lacked proper notice of postrelease control was void and the parties were placed in the same position as if there had been no sentence. *Bezak* at ¶12-13. In *Fischer*, the Ohio Supreme Court limited the holding in *Bezak* and held that the new sentencing hearing to which an offender is entitled

under *Bezak* is limited to proper imposition of postrelease control. *Fischer* at ¶29. *Fischer* clarified the holding in *Bezak*, explaining that while a sentence that lacks proper postrelease control is void, "only the offending portion of the sentence is subject to review and correction." *Fischer* at ¶27. The court concluded, "although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence. The scope of an appeal from a resentencing hearing in which a mandatory term of post release control is imposed is limited to issues arising at the resentencing hearing." *Fischer* at ¶40.

{¶ 8} In the present case, appellant did not bring a direct appeal from his original 1999 sentencing challenging the issue of merger of allied offenses. Nor did appellant seek a delayed appeal on this matter. Only nine years later, after his 2008 resentencing conducted solely for advisement of postrelease control, did appellant for the first time bring an appeal on the issue of merger. Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in that judgment of conviction or on an appeal from that judgment. *State v. Perry* (1967), 10 Ohio St.2d 175, 180, 226 N.E.2d 104. *Fischer* makes it clear that only the offending portion of a sentence is void due to a failure to

properly impose postrelease control is subject to review and correction on a resentencing appeal. We recently held in *State v. Poole*, Cuyahoga App. No. 94759, 2011-Ohio-716 that, "the time to challenge a conviction based on allied offenses is through a direct appeal — not at a resentencing hearing." In the present instance, the proper avenue for appellant's merger challenge would have been a direct appeal from his 1999 sentencing. As such, we find appellant's first assignment of error to be outside the scope of appellant's present appeal from resentencing and res judicata.

{¶ 9} Furthermore, even if the issue of allied offenses was not res judicata pursuant to *Fischer*, appellant has failed to provide a transcript of his original January 25, 1999 sentencing hearing, and it is impossible to determine whether or not the trial court conducted an allied offenses voir dire as part of appellant's original sentencing hearing. The only evidence we have before us on this issue lies with the trial court's journal entry from the original sentencing wherein the court stated that it "considered all of the required factors of the law." Without a transcript of the 1999 sentencing hearing, the record is inadequate to permit a review of the claimed error. The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384. In the present instance, it is entirely possible that the trial court engaged in an allied offenses voir dire at the original sentencing hearing and found appellant's offenses not

to be allied. When portions of the transcript necessary for resolution of an assigned error are omitted from the record, the reviewing court has nothing to pass upon and thus, as to such an assigned error, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. Id. Appellant's first assignment of error is overruled.

{¶ 10} Appellant argues in his second assignment of error that the trial court mistakenly believed it could not consider his prison record at resentencing. Appellant correctly points out that pursuant to our holding in *State v. Jackson*, Cuyahoga App. No. 92365, 2009-Ohio-4995, a trial court may, in its discretion, consider an offender's conduct while in prison during a de novo resentencing. However, as we stated in *State v. Smith*, Cuyahoga App. No. 91346, 2009-Ohio-1610, a trial court is not *required* to consider a defendant's conduct while incarcerated upon resentencing. A review of the transcript from appellant's 2008 resentencing reveals that the trial court heard a detailed account of appellant's conduct in prison from appellant and appellant's sister. It appears from the record that the trial court, in its discretion, gave appellant's conduct in prison no weight in resentencing. Appellant's argument lacks merit and his second assignment of merit is overruled.

{¶ 11} In his third assignment of error appellant argues that the trial court erred by imposing consecutive sentences without making findings pursuant to R.C. 2929.14(E)(4). Appellant correctly points out that the findings required by R.C. 2929.14(E)(4) are no longer required to be made pursuant to the Ohio Supreme Court's decision in *State v. Foster*, 109

Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470. However, appellant urges us to disregard *Foster* based upon the United States Supreme Court's decision in *Oregon v. Ice*, (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517. In *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, the Ohio Supreme Court held that the United States Supreme Court's decision in *Oregon* did not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were previously held unconstitutional. The *Hodge* decision reaffirmed that trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made. Appellant's third assignment of error lacks merit and is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN A. GALLAGHER, JUDGE

MARY EILEEN KILBANE, A.J., and
MELODY J. STEWART, J., CONCUR

Appendix

Assignment of Error No. 1:
"The trial court erred when it failed to conduct a hearing to determine whether convicting Mr. Padgett for both kidnapping and rape would be in violation of R.C. 2941.25 (allied offenses) and a denial of his right to protection from double jeopardy guaranteed by Art. I, Sect. 10 of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution."

Assignment of Error No. 2:
"The trial court erred when it failed to conduct a de novo sentencing, mistakenly believing that it could not consider the defendant's prison conduct since 1999 in arriving at a sentence in 2008."

Assignment of Error No. 3:
"The trial court erred by ordering consecutive sentences when it failed to make all of the necessary findings required by R.C. 2929/14(E)(4), and failed to give any reasons for the required findings."