[Cite as *State v. Ballou*, 2011-Ohio-2925.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   95733

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TERRANCE BALLOU

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-432442

**BEFORE:**   Boyle, P.J., Jones, J., and Keough, J.

**RELEASED AND JOURNALIZED:** June 16, 2011

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
By:   Nathaniel McDonald
Assistant Public Defender
310 Lakeside Avenue, Suite 400
Cleveland, Ohio   44113

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
By:   Mary McGrath
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY J. BOYLE, P.J.:

{¶ 1}   Defendant-appellant, Terrance Ballou, appeals his sentence, following the trial court's resentencing of him on his pro se motion to correct a void sentence.   Finding no merit to the appeal, we affirm.

<u>Procedural History and Facts</u>

{¶ 2}   In June 2003, Ballou was convicted of possession of crack cocaine in an amount equal to or exceeding 100 grams, in violation of R.C. 2925.11; drug trafficking at least 100

grams of crack cocaine, in violation of R.C. 2925.03(A)(2); and possession of criminal tools, in violation of R.C. 2923.24. The first two counts carried major drug offender specifications, which Ballou was also found guilty of. The trial court imposed the mandatory ten years on the first two counts of the indictment, to run concurrently with each other. The trial court further imposed one year on the possession of criminal tools count, also to run concurrent with the other counts, for a total prison term of ten years. The court, however, failed to inform Ballou of postrelease control.

{¶ 3} Ballou subsequently filed a direct appeal, challenging his conviction as being against the manifest weight of the evidence. On May 21, 2004, this court affirmed his conviction and overruled his sole assignment of error. See *State v. Ballou*, 8th Dist. No. 83160, 2004-Ohio-2339. On December 10, 2004, this court further denied Ballou leave to reopen his appeal after the Ohio Supreme Court denied him leave to appeal. See *State v. Ballou*, 8th Dist. No. 83160, 2004-Ohio-6850.

{¶ 4} On April 16, 2010, Ballou filed a pro se motion to correct his sentence on the grounds that the trial court failed to notify him of postrelease control at the 2003 sentencing hearing. On August 20, 2010, the trial court held a de novo sentencing hearing and imposed the same sentence given in 2003, i.e., concurrent ten-year prison terms on Counts 1 and 2 and a concurrent prison term of one year on Count 3. The trial court also informed Ballou that he would be subject to a mandatory five-year term of postrelease control on the first two counts

and could be subject to a discretionary period up to three years of postrelease control on the third count.

{¶ 5} Ballou appeals, raising the following two assignments of error:

{¶ 6} "I. The trial court erred when it failed to merge counts 1 and 2 at the de novo sentencing hearing.

{¶ 7} "II. The trial court did not have jurisdiction to sentence Mr. Ballou with respect to count 3 at the de novo sentencing hearing."

## Allied Offenses

{¶ 8} In his first assignment of error, Ballou contends that the trial court erred by failing to merge the first two counts of his indictment, i.e., drug possession and drug trafficking, as allied offenses. He argues that, despite not having raised the issue in his direct appeal, the trial court was required to merge the two counts because his resentencing hearing was a de novo hearing. We disagree.

{¶ 9} If a defendant is subject to postrelease control, the trial court must notify him of postrelease control at the sentencing hearing, and must include the postrelease control terms in the sentence, or the sentence is void. *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, at the syllabus; *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864. In *Bezak*, the court held that when postrelease control is not properly imposed, the defendant is entitled to a de novo sentencing hearing.

{¶ 10} Subsequently, however, in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Ohio Supreme Court limited its holding in *Bezak* and concluded that when postrelease control is not properly imposed the defendant is only entitled to a hearing for the proper imposition of postrelease control. Id. at ¶27-29. The defendant is not entitled to be resentenced on the entire sentence — "only the portion that is void may be vacated and otherwise amended." Id. at ¶28. Therefore, under *Fischer*, the trial court's authority at the resentencing hearing was limited to correcting the void aspect of Ballou's sentence — the postrelease control aspect.

{¶ 11} Furthermore, in applying *Fischer* and the doctrine of res judicata, this court has consistently held that "the time to challenge a conviction based on allied offenses is through a direct appeal — not at a resentencing." *State v. Poole*, 8th Dist. No. 94759, 2011-Ohio-716, ¶13; *State v. Padgett*, 8th Dist. No. 95065, 2011-Ohio-1927, ¶8. Indeed, as the court declared in *Fischer*, "although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. at ¶40.

{¶ 12} Accordingly, Ballou's first assignment of error is overruled.

Expired Sentence

{¶ 13} In his second assignment of error, Ballou argues that the trial court lacked authority to impose postrelease control on the possession of the criminal tools count because

the original term of sentence on that count had expired. While we agree that a trial court has no authority to impose postrelease control at resentencing upon an individual term that has expired, we find the trial court's inclusion of a three-year discretionary period on the third count to be harmless error.

{¶ 14} R.C. 2967.28(F)(4)(c), which addresses multiple periods of postrelease control, provides as follows:

{¶ 15} "If an offender is subject to more than one period of post-release control, the period of post-release control for all of the sentences shall be the period of post-release control that expires last, as determined by the parole board or court. Periods of post-release control shall be served concurrently and shall not be imposed consecutively to each other."

{¶ 16} Relying on this provision, the Ohio Supreme Court has held that, when a trial court imposes sentences for multiple convictions, the trial court's imposition of one term of postrelease control is proper. *Durain v. Sheldon*, 122 Ohio St.3d 582, 2009-Ohio-4082, 913 N.E.2d 442, ¶1. Here, because the trial court properly imposed five years of postrelease control on the first two counts, and this period of postrelease control expires last, we find Ballou's assignment of error to be moot.

Judgment affirmed.

It is ordered that appellee shall recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

LARRY A. JONES, J., and
KATHLEEN ANN KEOUGH, J., CONCUR