[Cite as *State v. Woods*, 2011-Ohio-5825.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96487**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LELAND WOODS

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-429282

**BEFORE:**   Keough, J., Blackmon, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:**   November 10, 2011
**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, OH 44113-2098

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
James M. Price
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Leland Woods, appeals from the trial court's judgment entry issued after a resentencing hearing held in order to properly impose a mandatory five-year term of postrelease control. Finding no merit to the appeal, we affirm.

I.

{¶ 2} Woods was convicted in 2003 after a jury trial of one count of rape, eight counts of gross sexual imposition, and one count of kidnapping a child

who was under the age of 13 at the time of the offenses. The trial court sentenced him to life in prison for the rape, two years' incarceration on each of the gross sexual imposition counts, to run concurrent with each other, and three years for the kidnapping, to run consecutive to the sentence imposed on the gross sexual imposition counts. The trial court did not advise Woods of postrelease control at sentencing nor include postrelease control in the sentencing entry.

{¶ 3} Woods appealed his conviction and sentence, which this court affirmed in *State v. Woods*, Cuyahoga App. No. 82789, 2004-Ohio-2700. The Ohio Supreme Court subsequently denied Woods's motion to file a delayed appeal. *State v. Woods*, 104 Ohio St.3d 1407, 2004-Ohio-6364, 818 N.E.2d 709.

{¶ 4} In September 2010, Woods filed a motion to vacate his sentence, contending that the sentence was void because the trial court had not imposed postrelease control. The trial court subsequently held a resentencing hearing at which it reimposed the original sentence and, recognizing that the sentences for gross sexual imposition and kidnapping had expired, imposed a mandatory five-year term of postrelease control on the rape charge only. Woods now appeals from this judgment entry.

II.

A.    Life Imprisonment for Rape

**{¶ 5}** In his first assignment of error, Woods argues that he was denied due process of law when the court sentenced him to life in prison on the rape conviction because the conviction carries a maximum ten-year sentence.

Woods's argument is barred by the doctrine of res judicata, which precludes the further litigation in a criminal case of issues that were or could have been raised previously in a direct appeal. *State v. Leek* (June 21, 2000), Cuyahoga App. No. 74338, citing *State v. Perry* (1967), 10 Ohio St.2d 175, 180, 226 N.E.2d 104.

**{¶ 6}** In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Ohio Supreme Court clarified that when a judge fails to impose statutorily- mandated postrelease control as part of a defendant's sentence, it is only that part of the sentence that is void and subject to review and correction. Id. at ¶26-27. The *Fischer* court found that "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. at ¶40.

**{¶ 7}** In 2003, Woods brought a direct appeal of his conviction and original sentence, but did not raise any issue regarding the sentence of life in prison for rape. Accordingly, applying *Fischer*, we conclude that this assignment of error is barred by the doctrine of res judicata.

**{¶ 8}** Moreover, the trial court properly sentenced Woods to life in prison for rape. Count 1 of the indictment charged that Woods "engaged in sexual conduct with Jane Doe, not his spouse, by purposely compelling her to submit by the use of force or threat of force, Jane Doe being under the age of 13 years, to-wit: d.o.b. January 14, 1991," in violation of R.C. 2907.02(A)(1)(b). Former R.C. 2907.02(B), in effect when Woods was originally sentenced in 2003, provided that "[if] the offender under division (A)(1)(b) of this section *purposely compels the victim to submit by force or threat of force* or if the victim under division (A)(1)(b) of this section is less than ten years of age, whoever violates division (A)(1)(b) of this section shall be imprisoned for life."

**{¶ 9}** The jury found that Woods, as indicted, engaged in sexual conduct with a child who was under the age of 13 by purposely compelling the victim to submit by force or threat of force. Thus, the trial court properly sentenced him to life in prison under former R.C. 2907.02(B).

**{¶ 10}** The first assignment of error is overruled.

B.    Postrelease Control

**{¶ 11}** In his second assignment of error, Woods argues that the trial court improperly imposed postrelease control upon resentencing because the State did not file a cross-appeal in his original appeal asserting that the sentence was improper. Woods contends that in the absence of a

cross-appeal by the State challenging his sentence, the trial court did not have authority to correct the sentence. This argument fails.

{¶ 12} Woods moved for resentencing, and specifically argued in his motions that resentencing was required because the trial court had not imposed postrelease control at the original sentencing. He cannot now complain that the trial court conducted a resentencing and imposed postrelease control upon the motions he filed. Further, the Ohio Supreme Court has made clear that trial courts are to correct sentences that do not include statutorily-mandated postrelease control. See, e.g., *Fischer*, supra.

{¶ 13} The second assignment of error is therefore overruled.

C. Delay in Resentencing

{¶ 14} Crim.R. 32(A) states that a sentence "shall be imposed without unnecessary delay." In his third assignment of error, Woods argues that he was denied due process of law because there was an unreasonable delay between the finding of guilt in his case and the imposition of sentence.

{¶ 15} In *State v. Hawkins*, Cuyahoga App. No. 94294, 2011-Ohio-74, this court adopted the reasoning of the Ninth District in *State v. Culgan*, Medina App. No. 09CA0060-M, 2010-Ohio-2992, and held that Crim.R. 32(A) does not apply in cases where an offender must be resentenced because such cases do not involve a situation where the trial court unreasonably refused to sentence the defendant after a finding of guilt. The *Hawkins* court found

that "where there is a delay between the sentence and a resentencing occasioned by the failure to include a required term of postrelease control in the original entry, such matter involves the correction of a void sentence and not a delay in imposing the original sentence." Id. at ¶10.

{¶ 16} Here, the trial court imposed the original sentence without delay. It was then required to resentence Woods because the original sentence omitted a required term of postrelease control. The resentencing involved correcting a void part of the sentence; thus, there was no violation of Crim.R. 32(A).

{¶ 17} The third assignment of error is therefore overruled.

D.   Kidnapping

{¶ 18} Woods was indicted on nine carbon-copy counts of kidnapping. During trial, the court dismissed eight of the kidnapping counts at the close of the State's case; the jury then found him guilty of the remaining count. In his fourth assignment of error, Woods argues that the trial court should have dismissed the remaining kidnapping count to protect him from double jeopardy. He contends that there was no differentiation between the counts and, therefore, a finding that eight of the nine counts were not proven indicates that the remaining count should have also been dismissed.

{¶ 19} Woods's argument is barred by the doctrine of res judicata. Any alleged error could have been raised by Woods in his direct appeal; he did not do so and therefore it is now barred.

{¶ 20} The fourth assignment of error is overruled.

E.    Merger of Rape and Kidnapping Counts

{¶ 21} Woods next argues that the trial court erred in not merging his convictions for rape and kidnapping because the offenses are allied. But, as this court found in *State v. Padgett*, Cuyahoga App. No. 95065, 2011-Ohio-1927, the issue of merger of allied offenses is res judicata on an appeal from a resentencing. See, also, *State v. Poole*, Cuyahoga App. No. 94759, 2011-Ohio-716 ("[T]he time to challenge a conviction based on allied offenses is through a direct appeal — not at a resentencing hearing.") The proper avenue for Woods's merger challenge would have been in his direct appeal. He did not raise the merger issue in that appeal and, therefore, it is now barred.

{¶ 22} The fifth assignment of error is overruled.

F.    Allocution

{¶ 23} In his sixth assignment of error, Woods contends that the trial court erred in resentencing him without affording him his right of allocution.

{¶ 24} Under Crim.R. 32(A), before imposing sentence, a trial court must address the defendant personally and ask whether he or she wishes to make a

statement in his or her own behalf or present any information in mitigation of punshment. But "a trial court's failure to address the defendant at sentencing is not prejudicial in every case." *State v. Campbell*, 90 Ohio St.3d 320, 325, 2000-Ohio-183, 738 N.E.2d 1178, citing *State v. Reynolds* (1998), 80 Ohio St.3d 670, 684, 687 N.E.2d 1358 (finding omission of allocution to be harmless error because the defendant had made an unsworn statement to the jury and sent a letter to the judge, and defense counsel had made a statement to the judge on the defendant's behalf). See, also, *State v. Arroyo*, Cuyahoga App. No. 90369, 2008-Ohio-3808 (trial court's failure to provide opportunity for allocution at resentencing to impose postrelease control harmless error where imposition of postrelease control was statutorily mandated, defendant had addressed the court on previous occasions, and nothing defendant said "would have changed the inevitable").

{¶ 25} Here, Woods is unable to demonstrate that he was prejudiced by the trial court's failure to provide another opportunity for allocution at his resentencing. The same trial judge who originally sentenced Woods, during a hearing at which he was provided an opportunity for allocution, conducted the resentencing. The resentencing was solely for the purpose of imposing postrelease control; Woods's original sentence remained unchanged, and the judge was statutorily required to impose five years of postrelease control. The outcome was inevitable. Thus, the trial court's failure to provide Woods

another opportunity for allocution did not have a prejudicial effect on the outcome of the proceeding and was harmless error.

{¶ 26} The sixth assignment of error is overruled.

G. Court Costs

{¶ 27} Last, in his seventh assignment of error, Woods contends that the trial court erred in imposing court costs in the sentencing journal entry without advising him at resentencing that it was imposing costs.

{¶ 28} Once again, Woods's argument is barred by the doctrine of res judicata. The record reflects that costs were imposed at the original sentencing.[1] Any alleged error regarding the imposition of costs could have been raised by Woods on direct appeal; he did not do so and, therefore, the issue is res judicata. *Fischer*, supra.

{¶ 29} The seventh assignment of error is overruled.

Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

---

[1]Under R.C. 2947.23(A)(1), a trial court is required to assess costs against all criminal defendants, even if the defendant is indigent. *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶14. The trial court may waive the payment of such costs, but is not required to do so, if the defendant is indigent. Id.; R.C. 2949.092.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

PATRICIA A. BLACKMON, P.J., CONCURS;
COLLEEN CONWAY COONEY, J., CONCURS IN JUDGMENT ONLY