[Cite as *State v. Mitchell*, 2012-Ohio-1547.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 97387

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DEVON MITCHELL

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-480533

**BEFORE:** Cooney, P.J., Keough, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** April 5, 2012

**FOR APPELLANT**

Devon Mitchell, pro se
Inmate No. 521-404
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio 44901


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: James M. Price
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, P.J.:

{¶1} Defendant-appellant, Devon Mitchell ("Mitchell"), pro se, appeals from the trial court's denial of his motion for resentencing. Finding no merit to the appeal, we affirm.

{¶2} In October 2006, Mitchell was convicted of one count of kidnapping, six counts of compelling prostitution, and one count of attempted compelling prostitution. He was sentenced to an aggregate prison term of 27 years. Mitchell appealed from his convictions. In November 2007, this court affirmed his convictions and sentence. *State v. Mitchell*, 8th Dist. No. 88977, 2007-Ohio-6190; *appeal not accepted*, 117 Ohio St.3d 1479, 2008-Ohio-1841, 884 N.E.2d 1110, *motion to reopen denied*, 8th Dist. No. 88977, 2009-Ohio-1874.

{¶3} Mitchell now appeals, arguing in his sole assignment of error that the court erred in denying his motion for resentencing. The trial court denied his motion, stating that each time the victim engaged in sexual activity for hire, it was separate conduct, receiving a separate punishment. Mitchell argues that his six convictions for compelling prostitution are allied offenses that should have merged for sentencing. Mitchell's argument is barred by res judicata because he did not raise this issue in his direct appeal.

{¶4} It is well established that res judicata bars the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176,

2006-Ohio-1245, 826 N.E.2d 824, ¶ 16-17. This court has recognized that the issue of whether two offenses constitute allied offenses subject to merger must be raised on direct appeal from a conviction, or res judicata will bar a subsequent attempt to raise the issue. *State v. Poole*, 8th Dist. No. 94759, 2011-Ohio-716, ¶ 13 ("[T]he question of whether the verdicts on all counts can be used to support separate convictions for all offenses charged is decided by the trial court prior to its determination of a defendant's sentence. Thus, we now consider the issue settled and hold that the time to challenge a conviction based on allied offenses is through a direct appeal").

{¶5} Consequently, where a defendant has not raised the issue on direct appeal, this court has rejected subsequent claims of improper sentencing on allied offenses as barred by res judicata. *See, e.g., State v. Goldsmith*, 8th Dist. No. 95073, 2011-Ohio-840, ¶ 11 ("Because [defendant] failed to raise on direct appeal from his conviction the issue concerning whether the offenses challenged herein are allied offenses of similar import subject to merger, we find that the issue is barred by the doctrine of res judicata."); *State v. Padgett*, 8th Dist. No. 95065, 2011-Ohio-1927, ¶ 8, citing *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967) ("Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceedings, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in that judgment of conviction or on an appeal from that judgment. *

* * [T]he proper avenue for appellant's merger challenge would have been a direct appeal from his 1999 sentencing."); *State v. Townsend*, 8th Dist. No. 97214, 2012-Ohio-496, ¶ 9 ("[Defendant] argued on direct appeal that the evidence was not sufficient to support his convictions and that the verdict was against the manifest weight of the evidence. He raised no issue regarding his sentence or allied offenses. Accordingly, any argument with respect to allied offenses is barred by the doctrine of res judicata."). *See also State v. Woods*, 8th Dist. No. 96487, 2011-Ohio-5825; *State v. Franklin*, 8th Dist. No. 95991, 2011-Ohio-4953; *State v. Ballou*, 8th Dist. No. 95733, 2011-Ohio-2925.

**{¶6}** In the instant case, Mitchell raised ten assignments of error in his direct appeal. However, none of the assignments related to the merger of allied offenses. Thus, his argument with respect to allied offenses is barred by the doctrine of res judicata. The trial court correctly denied Mitchell's motion for resentencing.

**{¶7}** Accordingly, Mitchell's sole assignment of error is overruled.

**{¶8}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
EILEEN A. GALLAGHER, J., CONCURS IN JUDGMENT ONLY