[Cite as *State v. Allen*, 2012-Ohio-3364.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   97552

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DELBERT ALLEN

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-441547

**BEFORE:**   E. Gallagher, J., Blackmon, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**   July 26, 2012

**ATTORNEY FOR APPELLANT**

Nathaniel McDonald
Assistant Public Defender
310 Lakeside Avenue
Suite 400
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:    T. Allan Regas
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant Delbert Allen appeals from his resentencing in the Cuyahoga County Court of Common Pleas and the trial court's denial of his motion to withdraw his guilty plea. For the following reasons, we affirm.

{¶2} Appellant was indicted on August 27, 2003 and charged with five counts of rape, four counts of kidnapping, seven counts of gross sexual imposition, one count of aggravated robbery and one count of attempted rape. The indictment additionally contained several repeat violent offender specifications, sexually violent predator specifications and firearm specifications. Appellant entered a not guilty plea to the charges.

{¶3} The record reflects that on April 21, 2004, appellant retracted his not guilty plea and entered a plea of guilty to two counts of rape, one count of kidnapping and two counts of gross sexual imposition. All remaining counts were nolled. The trial court sentenced appellant to a cumulative prison term of 17 years and found him to be a sexual predator. Appellant did not bring a direct appeal of his conviction and sentencing.

{¶4} On June 17, 2004, appellant filed a postsentence motion to vacate his guilty plea alleging that his trial counsel failed to completely and accurately advise him of all of the sentencing possibilities and to investigate and discuss with him the merits of his case. Specifically, appellant's motion complained of his trial counsel's "inaccurate prediction of how he suspected the court would actually sentence [appellant], pursuant to

his past experience with the presiding judge."

{¶5} The trial court held a hearing on appellant's motion to vacate his plea on August 13, 2004, and denied appellant's motion on August 17, 2004.[1] Appellant filed a motion for a delayed appeal from the trial court's denial of his motion and this court allowed the delayed appeal on November 22, 2004. However, appellant's counsel on appeal withdrew from representation and this court dismissed the appeal sua sponte on August 4, 2005, due to appellant's failure to file a pro se brief. Appellant sought a second delayed appeal that was denied by this Court on November 24, 2009.

{¶6} On January 9, 2010, appellant again filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. Appellant reiterated his complaints regarding his trial counsel's alleged ineffectiveness, asserting that his trial counsel instructed him that he would receive only one sentence and that he expected a prison term of eight years. Appellant further asserted that his convictions for rape and kidnapping were allied offenses of similar import. The state opposed appellant's motion arguing that his motion was barred by res judicata and that his convictions were not allied offenses. However, the state requested that appellant be resentenced because the trial court failed to impose postrelease control at appellant's sentencing hearing.

{¶7} On June 7, 2010, the trial court issued a journal entry indicating its intent

---

[1] Appellant makes references in his brief to portions of the transcript of the hearing on his motion to withdraw his plea; however, such transcript has not been made part of the record on appeal.

to schedule a hearing on appellant's motion to withdraw his guilty plea stating that it would consider what was presented at appellant's plea and sentencing on April 21, 2004 and at the August 13, 2004 hearing on appellant's prior motion to withdraw his plea. The trial court conducted a hearing on the matter on October 6, 2011 and denied appellant's motion to withdraw his plea on October 12, 2011.

{¶8} The trial court held a resentencing hearing on October 14, 2011, for the purpose of the imposition of postrelease control and issued a sentencing entry on October 17, 2011. Appellant appeals from the trial court's denial of that motion to withdraw his plea and the trial court's resentencing.

{¶9} Appellant's first assignment of error states:

The trial court erred when it denied [appellant's] motion to withdraw his guilty plea.

{¶10} We are unable to address the merits of appellant's first assignment of error. Appellant appeals from the trial court's October 12, 2011 journal entry denying his motion to withdraw his guilty plea. However, appellant's notice of appeal filed November 14, 2011, was brought outside the 30-day window provided for in App.R. 4(A).

{¶11} An appellant must file a notice of appeal with the clerk of this court within 30 days of the date of the entry of judgment or order appealed. App.R. 3(A); App.R. 4(A). An appellant's failure to file a timely notice of appeal renders the court of appeals without jurisdiction and authority to entertain the appeal. *State v. Bell*, 8th

Dist. No. 87727, 2007-Ohio-3276, ¶ 24, citing *Bosco v. Euclid*, 38 Ohio App.2d 40, 42-43, 311 N.E.2d 870 (1974). Where a notice of appeal is not filed within the time prescribed by law, an appellate court has no jurisdiction to consider issues that should have been raised in the appeal. *State ex rel. Pendell v. Adams Cty. Bd. of Elections*, 40 Ohio St.3d 58, 60, 531 N.E.2d 713 (1988).

{¶12} In *Bell*, this court held that following the Ohio Supreme Court's decision in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, a Crim.R. 32.1 motion to withdraw a plea filed after a defendant has been sentenced without the proper postrelease control is a postsentence motion. *State v. Bell*, 8th Dist. No. 95719, 2011-Ohio-1965, ¶ 22. As such, pursuant to App.R. 4(A) appellant was required to file his notice of appeal within 30 days of the trial court's journal entry denying his motion. To the extent his appeal challenges the trial court's denial of his motion for leave to withdraw, therefore, it must be dismissed.

{¶13} Even if we were to find appellant's first assignment of error to have been timely appealed, appellant's argument is barred by the doctrine of res judicata. In *Fischer*, the Supreme Court made clear that, "[a]lthough the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Fischer*, at paragraph three of the syllabus.

{¶14} This court has consistently recognized that the doctrine of res judicata bars all claims raised in a Crim.R. 32.1 motion that were raised, or could have been

raised, in a prior proceeding, including a direct appeal. *State v. Hughes*, 8th Dist. No. 97311, 2012-Ohio-706, ¶ 9, citing *State v. Grady*, 8th Dist. No. 96523, 2011-Ohio-5503. In *State v. Fountain*, 8th Dist. Nos. 92772 and 92874, 2010-Ohio-1202, this court held that, "Indeed, the right to withdraw a plea is not absolute." *Id*. at ¶ 9. Furthermore, "the application of res judicata to a motion to withdraw is not impacted by a void sentence." *Id*. at ¶ 9.

{¶15} In the case sub judice, appellant's January 9, 2010 motion to withdraw his guilty plea was barred by res judicata. Appellant argues that his trial attorney indicated to him that he would be sentenced to a prison term of eight years. Despite receiving a cumulative prison sentence of 17 years, appellant failed to bring a direct appeal of his plea and sentence. Appellant did file a postsentence motion to withdraw his guilty plea on June 17, 2004 on the same grounds argued herein but failed to timely appeal from the denial of that motion. Nonetheless, this Court allowed a delayed appeal from the denial of appellant's original motion to withdraw. Appellant failed to file a pro se brief in that matter and his appeal was dismissed. As appellant could have raised this issue in a direct appeal, which he failed to file, or at least in his prior appeal of the trial court's denial of his original motion to withdraw his plea, his argument is barred by res judicata.

{¶16} Finally, we note that appellant has failed to provide a transcript from the August 13, 2004 hearing on appellant's original motion to withdraw his plea that the trial court expressly stated it would consider. Without a transcript of the 2004 hearing and

the testimony therein from which appellant extensively quotes in his brief, the record is inadequate to permit a review of the claimed error. The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). When portions of the transcript necessary for resolution of an assigned error are omitted from the record, the reviewing court has nothing upon which to pass judgment and thus, as to such an assigned error, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. *Id*.

{¶17} For the above reasons, appellant's first assignment of error is overruled.

{¶18} Appellant's second assignment of error states:

The trial court erred when it failed to address allied offenses of similar import at [appellant's] 2011 re-sentencing hearing.

{¶19} Appellant argues that the trial court should have conducted an allied offense analysis in regards to his convictions for rape and gross sexual imposition when it resentenced him for the purpose of properly imposing postrelease control.

{¶20} It is well established that res judicata bars the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 826 N.E.2d 824, ¶ 17. This court has recognized that the issue of whether two offenses constitute allied offenses subject to merger must be raised on direct appeal from a conviction or res judicata will bar a subsequent attempt to raise the issue.

*State v. Poole*, 8th Dist. No. 94759, 2011-Ohio-716, ¶ 13. "[T]he time to challenge a conviction based on allied offenses is through a direct appeal — not at a resentencing hearing." *Id*.; *State v. Padgett*, 8th Dist. No. 95065, 2011-Ohio-1927, ¶ 8.

**{¶21}** Appellant relies on the Ohio Supreme Court decision, *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, to support his contention that the present assignment of error is not barred by res judicata. In *Wilson*, the Ohio Supreme Court held "[a] defendant is not barred by res judicata from raising objections to issues that arise in a resentencing hearing, even if similar issues arose and were not objected to at the original sentencing hearing." *Id*. at paragraph two of the syllabus.

**{¶22}** Appellant's reliance on *Wilson* in the present instance is misplaced. *Wilson* dealt with a defendant who succeeded in having his sentences vacated for failure to merge on direct appeal. *Id*. at ¶ 3-6. The court noted that only the sentences affected by the appealed error were vacated and reviewed de novo at the defendant's resentencing. *Id*. at ¶ 15. The trial court's de novo resentencing on the affected sentences allowed the defendant to raise at the resentencing issues such as proportionality and judicial bias. *Id*. at ¶ 33. The Ohio Supreme Court held that a defendant could appeal "any issues that arise at his resentencing hearing," while "any prior issues not successfully challenged [on direct] appeal are outside the scope of his resentencing remand and will be precluded from further review under the principles of res judicata." *Id*. at ¶ 33.

**{¶23}** In contrast, in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942

N.E.2d 332, the Ohio Supreme Court held that when a trial court fails to properly impose postrelease control, "that part of the sentence * * * is void and must be set aside." *Id*. at ¶ 26. The defendant is not entitled to be resentenced on the entire sentence, "only the portion that is void may be vacated and otherwise amended." *Id*. at ¶ 28. The *Fischer* court concluded that "[t]he scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing." *Id*. at ¶ 40.

**{¶24}** Consistent with *Fischer*, this court has rejected attempts to raise the issue of allied offenses for the first time at a resentencing hearing for the proper imposition of postrelease control. *State v. Padgett*, 8th Dist. No. 95065, 2011-Ohio-1927; *State v. Woods*, 8th Dist. No. 96487, 2011-Ohio-5825; *State v. Ballou*, 8th Dist. No. 95733, 2011-Ohio-2925.

**{¶25}** In the present instance, the proper avenue for appellant's merger challenge would have been a direct appeal from his 2004 sentencing. As such, we find appellant's second assignment of error to be outside the scope of appellant's present appeal from resentencing, and thus is res judicata.

**{¶26}** Appellant's second assignment of error is overruled.

**{¶27}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this

judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
EILEEN A. GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, A.J., and
MARY EILEEN KILBANE, J., CONCUR