[Cite as *State v. Trowbridge*, 2022-Ohio-4208.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 111401 |
| v. | : | |
| CHARLES TROWBRIDGE, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 23, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-635599-B

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Anthony T. Miranda, Assistant Prosecuting
Attorney, *for appellee*.

Edward F. Borkowski, Jr., *for appellant*.

CORNELIUS J. O'SULLIVAN, JR., J.:

{¶ 1} Defendant-appellant, Charles Trowbridge, appeals the trial court's
denial of his motion to withdraw his guilty plea and further challenges his change-
of-plea hearing. After a thorough review of the law and facts, we affirm.

{¶ 2} In March 2019, appellant was charged in a 49-count indictment. On August 27, 2019, pursuant to a plea agreement with the state of Ohio, appellant pleaded guilty to five counts of aggravated robbery, three counts of receiving stolen property, two counts of burglary, two counts of felonious assault, and one count each of telecommunications fraud, breaking and entering, improper discharge of a firearm, and having a weapon while under disability. As part of his plea agreement, he and the state of Ohio agreed to a sentencing range of 20-to-25 years in prison. There was also an agreement that all firearm specifications would be served consecutively. On October 16, 2019, the trial court sentenced appellant to an aggregate 24-year prison sentence, but over the state's objection, the court did not impose prison sentences on five of the firearm specifications. In a consolidated state's appeal, the state argued that mandatory prison terms were required to be imposed for each firearm specification. *State v. Adkins*, 8th Dist. Cuyahoga Nos. 109184 and 109185, 2021-Ohio-1294.[1] Appellant did not file a direct appeal of his conviction or a cross-appeal.

{¶ 3} In *Adkins*, this court found that R.C. 2929.14(C)(1)(a) "requires consecutive service of all firearms specifications," and reversed the trial court's judgment, remanding the case for the "trial court to impose sentences on all firearm specifications." *Id.* at ¶ 24.

---

[1] In *Adkins*, the state appealed the sentences of appellant and his codefendant, Brandon Adkins, assigning the same error for both.

{¶ 4} On remand, appellant filed a motion to withdraw his August 2019 guilty plea, arguing that he had originally entered into the plea agreement under the pretense that he would receive a 20-to-25 year prison sentence but was now facing additional mandatory prison time; therefore, his plea was not made knowingly, intelligently, and voluntarily "due to the complications with the firearm specifications."

{¶ 5} The trial court held a full hearing on appellant's motion to withdraw his guilty plea. During the hearing, appellant argued that the trial court had misadvised him at the plea hearing about the length of the mandatory minimum sentences he faced. The state acknowledged that the trial court had made inconsistent statements at the plea hearing about the length of the mandatory minimum prison sentence but argued that the trial court substantially complied with Crim.R. 11.

{¶ 6} On January 4, 2022, the trial court filed a written opinion denying appellant's motion to withdraw his guilty plea. The trial court found that "Trowbridge agreed to a net sentence of anywhere from 20-to-25 years in prison with no stipulation about the mandatory and non-mandatory components of that sentence and with no mention of judicial release before service of the minimum agreed time was complete." The court concluded that "the prospect of judicial release before the minimum 20 years he agreed to is either non-existent or infinitesimal."

{¶ 7} The trial court resentenced appellant on January 12, 2022, again to a total of 24 years in prison. On March 30, 2022, appellant moved to file a delayed appeal, which this court granted.

{¶ 8} Appellant assigns the following two assignments of errors for our review, which we combine for review:

> I. The trial court committed plain error when it failed to comply with Crim.R. 11.

> II. The trial court erred by denying appellant's motion to withdraw his guilty pleas.

{¶ 9} In his first assignment of error, appellant contends that the trial court committed plain error when it failed to comply with Crim.R. 11 at his plea hearing. In his second assignment of error, appellant argues that the trial court erred in denying his motion to withdraw his plea.

{¶ 10} Appellant first argues that the trial court's failure to properly advise him rendered his plea involuntary under Crim.R. 11; therefore, his plea should be vacated. He also argues that the trial court should have granted his motion to withdraw his guilty plea because the trial court failed to comply with Crim.R. 11 and, because of the remand, he was facing additional mandatory prison time. Principles of res judicata, however, bar appellant's claims.

{¶ 11} It is well established that res judicata bars the consideration of issues that could have been raised on direct appeal. *State v. Mitchell*, 8th Dist. Cuyahoga No. 97387, 2012-Ohio-1547, ¶ 4, citing *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16-17. A motion to withdraw a guilty plea is not a

substitute for a direct appeal. *Shaker Hts. v. Jackson*, 8th Dist. Cuyahoga No. 86161, 2006-Ohio-707, ¶ 10. Res judicata bars "the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 10.

{¶ 12} In this case, appellant's claim that the trial court failed to comply with Crim.R. 11 would have been apparent from the record of his plea hearing. As a result, appellant could have raised the claim in the direct appeal from his conviction. A claim that the trial court failed to advise a defendant of his or her constitutional rights must be raised on direct appeal, or it is later barred by res judicata. *See State v. Poole*, 8th Dist. Cuyahoga No. 105765, 2017-Ohio-8323, ¶ 10 (holding that appellant's postsentence motion to withdraw his guilty pleas was barred by res judicata to the extent that appellant argued that the trial court failed to comply with Crim.R. 11 in accepting his pleas when appellant did not file a direct appeal).

{¶ 13} Appellant seeks to vacate his plea, but he did not bring a direct appeal from his original 2019 conviction, did not file a cross-appeal from the state's appeal, and did not move to file a delayed direct appeal. Because the validity of his plea is not an issue arising from his resentencing hearing, any attempt to challenge his plea is barred by res judicata. *State v. Franklin*, 8th Dist. Cuyahoga No. 95991, 2011-Ohio-4953, ¶ 12.

{¶ 14} Finally, we note that at the resentencing hearing the state expressly stated it was not opposing the trial court imposing the original agreed upon recommended sentence of 20-to-25 years in prison. The trial court again imposed

a 24-year prison sentence. Thus, although appellant does not challenge his sentence, we note that the length of his prison sentence remained the same.

{¶ 15} The assignments of error are overruled.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
CORNELIUS J. O'SULLIVAN, JR., JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR