[Cite as *State v. McPherson*, 2011-Ohio-1020.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| CARY L. MCPHERSON, II | : | Case No. 10-CA-99 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common Pleas,
                                                        Case No. 02CR025



JUDGMENT:                              Affirmed



DATE OF JUDGMENT ENTRY:        March 7, 2011



APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

TRACY F. VAN WINKLE              WILLIAM T. CRAMER
20 South Second Street                470 Olde Worthington Road
Fourth Floor                                Suite 200
Newark, OH  43055                      Westerville, OH  43082

*Farmer, J.*

{¶1} On January 18, 2002, the Licking County Grand Jury indicted appellant on one count of gross sexual imposition in violation of R.C. 2907.05, one count of importuning in violation of R.C. 2907.07, one count of attempted rape in violation of R.C. 2907.02 and R.C. 2923.02, one count of disseminating matter harmful to juveniles in violation of R.C. 2907.31, and one count of rape in violation of R.C. 2907.02.

{¶2} On April 15, 2002, appellant pled guilty to the gross sexual imposition count, and entered no contest *Alford* pleas to the remaining counts. The trial court found appellant guilty of the additional counts. By judgment entry filed April 16, 2002, the trial court sentenced appellant to an aggregate term of fifteen years in prison.

{¶3} On February 25, 2010, appellant filed a motion for resentencing, claiming his original sentence was void because it failed to set forth mandatory postrelease control time. A hearing was held on August 16, 2010. By nunc pro tunc judgment entry filed same date, the trial court resentenced appellant to an aggregate term of fifteen years in prison, and imposed five years of postrelease control.

{¶4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶5} "THE TRIAL COURT ERRED BY FAILING TO HOLD A DE NOVO RESENTENCING AS REQUIRED BY *STATE V. BEZAK*, 114 OHIO ST.3D 94, 2007-OHIO-3250, 868 N.E.2D 961."

I

{¶6}    Appellant claims the trial court erred in failing to hold a de novo resentencing hearing.  We disagree.

{¶7}    In *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, the Supreme Court of Ohio held the following at paragraph one of the syllabus:

{¶8}    "For criminal sentences imposed prior to July 11, 2006, in which a trial court failed to properly impose postrelease control, trial courts shall conduct a de novo sentencing hearing in accordance with decisions of the Supreme Court of Ohio."

{¶9}    In this case, appellant was sentenced prior to July 11, 2006 and was not properly informed of postrelease control; therefore, pursuant to *Singleton,* he was entitled to a de novo hearing.  However, in *State v. Fischer,* --- Ohio St.3d ----, 2010-Ohio-6238, syllabus, the Supreme Court of Ohio limited the nature of the de novo hearing:

{¶10}   "1. A sentence that does not include the statutorily mandated term of postrelease control is void, is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack.

{¶11}   "2. The new sentencing hearing to which an offender is entitled under *State v. Bezak* is limited to proper imposition of postrelease control.  (*State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, syllabus, modified.)

{¶12}   "3. Although the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence.

{¶13} "4. The scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing."

{¶14} As stated by the *Fischer* court in paragraph two of the syllabus, the new sentencing hearing is limited to the proper imposition of postrelease control. Upon review, we find the trial court sub judice properly notified appellant of the mandatory five year postrelease control requirement under R.C. 2967.28(B). T. at 18; Nunc Pro Tunc Judgment Entry filed August 16, 2010.

{¶15} The sole assignment of error is denied.

{¶16} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and

Delaney, J. concur.


                                        s/ Sheila G. Farmer_____

                                        _s/ William B. Hoffman_____

                                        _s/ Patricia A. Delaney_____

                                                JUDGES


SGF/sg 224

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
|     Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CARY L. MCPHERSON, II | : | |
| | : | |
|     Defendant-Appellant | : | CASE NO. 10-CA-99 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs to appellant.

s/ Sheila G. Farmer_____

s/ William B. Hoffman_____

s/ Patricia A. Delaney_____

JUDGES