[Cite as *State v. Franklin*, 2011-Ohio-4953.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95991**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## VINCENT FRANKLIN

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-396833

**BEFORE:** Keough, J., Kilbane, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** September 29, 2011

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building, Suite 940
526 Superior Avenue
Cleveland, OH 44114

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Katherine Mullin
Ronni Ducoff
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶ 1} In this appeal from a resentencing to impose postrelease control, defendant-appellant, Vincent Franklin, challenges his guilty plea. For the reasons that follow, we affirm.

I

{¶ 2} In 2001, Franklin pled guilty to two amended counts of rape in Case No. CR-396833 and one count of felonious assault in Case No. CR-400681. Before accepting his plea, the trial court determined that Franklin was making the plea

voluntarily and informed him of his constitutional rights under Crim.R. 11(C), which Franklin indicated he understood. The trial court told Franklin that he would be subject to postrelease control upon release from prison, but did not tell him the length of the postrelease control term. Franklin did not appeal his conviction or sentence.

{¶ 3} More than nine years later, in October 2010, the trial court resentenced Franklin in Case No. CR-396833 to properly impose five years of mandatory postrelease control. Franklin now appeals from that resentencing.

II

{¶ 4} Under Crim.R. 11(C), a court shall not accept a guilty plea in a felony case without first addressing the defendant personally and doing all of the following:

{¶ 5} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved * * *.

{¶ 6} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea * * *, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶ 7} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

{¶ 8} Franklin, through counsel, raises two assignments of error, both regarding his guilty plea. In his first assignment of error, Franklin argues that his guilty plea should be vacated because prior to accepting his plea, the trial court did not tell him that it could proceed immediately to judgment and sentence. In his second assignment of error, Franklin contends that his plea should be vacated because prior to accepting his plea, the trial court did not advise him of the maximum penalty involved; i.e., that he would be subject to a mandatory term of five years postrelease control. Franklin argues that the trial court's failure to properly advise him rendered his plea involuntary under Crim.R. 11 and, therefore, his plea should be vacated. Principles of res judicata, however, bar Franklin from challenging the validity of his plea.

{¶ 9} Res judicata bars the further litigation in a criminal case of issues that were or could have been raised previously in a direct appeal. *State v. Leek* (June 21, 2000), Cuyahoga App. No. 74338, citing *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraph nine of the syllabus. Franklin could have raised the voluntariness of his plea on direct appeal, but did not do so.

{¶ 10} In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Ohio Supreme Court clarified that, "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that part of the sentence is void and must be set aside." Id. at ¶26. However, "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." Id. at ¶40. Hence, "*[t]he scope of an appeal from a*

*resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing.*"   (Emphasis added.)   Id.

{¶ 11} Thus, in *State v. Padgett*, Cuyahoga App. No. 95065, 2011-Ohio-1927, this court held that in light of *Fischer*, the issue of merger of allied offenses was barred by res judicata on the defendant's appeal from resentencing to impose postrelease control because the issue did not arise from the resentencing hearing.   See, also, *State v. Hunter*, Cuyahoga App. Nos. 95111, 95112, and 95113, 2011-Ohio-1682 (the only issues a defendant can raise on appeal after the resentencing hearing to correctly impose postrelease control are issues arising at the resentencing hearing).

{¶ 12} We reach the same result here.   Franklin did not bring a direct appeal from his original sentencing in 2001, nor did he seek a delayed appeal challenging his guilty plea, but now seeks to vacate his plea, more than nine years later.   As *Fischer* makes clear, because the validity of Franklin's plea is not an issue arising from the resentencing hearing, any attempt by Franklin to now challenge his plea is barred by the doctrine of res judicata.

{¶ 13} Appellant's first and second assignments of error are overruled.

III

{¶ 14} After Franklin's counsel filed a brief on appeal, Franklin, pro se, filed a supplemental assignment of error with accompanying brief.   Before filing his supplemental brief, Franklin neither sought nor obtained leave from this court as required.   See Loc.R. 16 of the Eighth Appellate District.   Furthermore, Franklin is represented by

counsel and this court cannot consider assignments of error raised by him pro se. As the Ohio Supreme Court explained in *State v. Keenan* (1998), 81 Ohio St.3d 133, 138, 689 N.E.2d 929:

{¶ 15} "A defendant has no right to a 'hybrid' form of representation wherein he is represented by counsel, but also acts simultaneously as his own counsel. *McKaskle* [*v. Wiggins* (1984)], 465 U.S. [168,] 183, 104 S.Ct. [944,] 953, 79 L.Ed.2d [122,] 136; *State v. Thompson* (1987), 33 Ohio St.3d 1, 6, 514 N.E.2d 407, 414."

{¶ 16} Accordingly, Franklin's supplemental brief is ordered stricken from the record and his supplemental assignment of error is overruled. See, e.g., *State v. Ridley*, Lucas App. No. L-10-1314, 2011-Ohio-3496 (appellant's pro se motion to strike telephone recordings from record on appeal ordered stricken from record where appellant was represented by counsel).

Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MARY EILEEN KILBANE, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR