[Cite as *State v. Millette*, 2011-Ohio-6357.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|  |  |  |
|---|---|---|
| | : | JUDGES: |
| STATE OF OHIO | : | Sheila G. Farmer, P.J. |
| | : | John W. Wise, J. |
| Plaintiff-Appellee | : | Julie A. Edwards, J. |
| | : | |
| -vs- | : | Case No. 11-CA-23 |
| | : | |
| | : | |
| ROGER MILLETTE | : | O P I N I O N |
| | | |
| Defendant-Appellant | | |


CHARACTER OF PROCEEDING:      Criminal Appeal from Licking County
Court of Common Pleas Case No.
04CR032

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      December 6, 2011

APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

KENNETH W. OSWALT      WILLIAM CRAMER
Licking County Prosecutor      470 Olde Worthington Road, Ste. 200
     Westerville, Ohio 43082

BY: TRACY F. VAN WINKLE
Assistant Prosecuting Attorney
20 S. Second Street, Fourth Floor
Newark, Ohio 43055

*Edwards, J.*

{¶ 1} Appellant, Roger G. Millette, appeals a judgment of the Licking County Common Pleas Court resentencing him to an aggregate prison term of 33 years and adding a 5-year term of mandatory postrelease control. Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶ 2} In 2005, appellant was indicted on charges of aggravated robbery, aggravated burglary, kidnapping, attempted rape, intimidation of a witness and two counts of gross sexual imposition following an incident where he broke into the home of a pregnant woman to rob her, threatened her with a knife, made her strip nearly naked and tied her to a bed. In exchange for dismissal of the attempted rape charge, appellant pleaded guilty to the remaining charges. He was sentenced to 8 years incarceration for aggravated burglary, 8 years for aggravated robbery, 8 years for kidnapping, 3 years for intimidation and 3 years for each count of gross sexual imposition. All counts were to run consecutively for an aggregate term of 33 years.

{¶ 3} On January 10, 2011, appellant filed a motion seeking to correct his sentence for failure to impose postrelease control. The State responded by requesting that appellant be resentenced pursuant to *State v. Fischer*, 128 Ohio St.3d 92, 942 N.E.2d 332, 2010-Ohio-6238. Resentencing was scheduled for February 16, 2011 and counsel was appointed to represent appellant at resentencing.

{¶ 4} On February 15, 2011, the day before the resentencing hearing, appellant filed a motion to withdraw his guilty plea on the basis that postrelease control was not validly imposed, and a motion to dismiss the resentencing proceedings on the grounds that his sentence is now res judicata.

{¶ 5} The case proceeded to a resentencing hearing in the Licking County Common Pleas Court. The court overruled appellant's motion to withdraw his plea and his motion to dismiss the proceedings. Appellant orally argued that the convictions for robbery, burglary, kidnapping and intimidation of a witness should merge as allied offenses of similar import. The court sentenced appellant to the same sentence originally imposed in this case with the addition of a mandatory term of five years postrelease control on all counts other than intimidation of a witness, on which the court imposed three years of postrelease control. Appellant assigns a single error:

{¶ 6} "DEFENDANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS AND PROTECTIONS FROM DOUBLE JEOPARDY WERE VIOLATED WHEN THE COURT IMPOSED MULTIPLE SENTENCES FOR ALLIED OFFENSES IN VIOLATION OF R.C. 2941.25."

{¶ 7} We note at the outset that appellant did not raise this issue in the trial court in a manner in which the court could properly consider his request for merger. Appellant did not raise this issue in any of his written motions pending before the court; thus, the court believed the only issues before it were appellant's request to withdraw his plea based on the fact that his sentence was void, the motions filed by both the State and appellant to resentence appellant to properly impose postrelease control, and appellant's seemingly contradictory motion to dismiss the resentencing proceeding on the grounds that his sentence is now res judicata. When appellant raised the issue of merger for the first time at the resentencing hearing, he did so in a conclusory way without presenting the court with specific facts from the record and law supporting his argument that the offenses are allied offenses of similar import:

**{¶ 8}** "MS. LARIMER: In addition, Your Honor, we would argue that the robbery, burglary, kidnapping and intimidation of witness charges pursuant and in accordance with State v. Johnson are allied offenses of similar import and request that they merge for purposes of sentencing, and it was a single act committed, single state of mind and the offenses correspond to such a degree that the conduct of the Defendant constituted - - the commission of one offense constitutes the commission of the other and, therefore, they are offenses of similar import. Under that holding in State v. Johnson we ask the Court to consider those offenses allied and merge them for purposes of sentencing at this time." Tr. 9-10.

**{¶ 9}** From this argument raised for the first time at the hearing, the trial court had virtually no legal or factual basis on which to consider appellant's request.

**{¶ 10}** Further, in *Fischer*, supra, the Ohio Supreme Court held that when a sentence is void because of improper imposition of postrelease control, a defendant is entitled only to a hearing for proper imposition of postrelease control and is not entitled to a de novo sentencing hearing at which he may raise new issues. This Court has held that *Fischer* applies to the issue of merger of offenses and a trial court does not err in failing to consider whether offenses for which the defendant was convicted are allied offenses of similar import; res judicata is a valid basis for rejecting these claims. *State v. Griffis,* Muskingum App. No. CT2010-57, 2011-Ohio-2955, ¶35-38.

{¶ 11} Appellant's assignment of error is overruled.

{¶ 12} The judgment of the Licking County Common Pleas Court is affirmed.

By: Edwards, J.

Farmer, P.J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/r0823

[Cite as *State v. Millette*, 2011-Ohio-6357.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| ROGER G. MILLETTE | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11-CA-23 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES