[Cite as *State v. Norris*, 2012-Ohio-485.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Julie A. Edwards, J. |
| -vs- | : | |
| | : | CASE NO. CT11-0001 |
| DERRICK  NORRIS | : | |
| | : | <u>OPINION</u> |
| Defendant-Appellant | : | |


CHARACTER OF PROCEEDING:        Appeal from the Court of Common
                                                      Pleas, Case No. CR2003-0288A

JUDGMENT:                                    Affirmed

DATE OF JUDGMENT ENTRY:        February 3, 2012

APPEARANCES:

For Plaintiff-Appellee:                       For Defendant-Appellant:

D. MICHAEL HADDOX                      ROBERT D. ESSEX
Muskingum Cty. Prosecuting Atty.      1654 East Broad Street
27 North Fifth Street                          Suite 302
Suite 201                                         Columbus, Ohio 43203
Zanesville, Ohio 43701

Delaney, J.,

{¶1}   On September 17, 2004, Appellant Derrick Norris pled guilty to one count of murder with a firearm specification, one count of aggravated robbery, and one count of tampering with evidence.  The trial court sentenced Appellant to an aggregate term of 33 years to life in prison.  On March 5, 2010, Appellant filed a motion for sentencing, requesting vacation of this sentence and a de novo sentencing hearing because the trial court had failed to properly inform him of postrelease control.  The trial court denied the motion.  On December 8, 2010, this Court overruled the trial court and remanded the case to the trial court for the purpose of conducting a de novo sentencing because Appellant had not been advised of his postrelease control obligation.

{¶2}   On December 20, 2010, the trial court conducted a resentencing hearing.  Just prior to the resentencing, Appellant filed a motion to withdraw his guilty plea.  Counsel for Appellant attempted to address the trial court regarding the motion, however, the trial court indicated that the motion to withdraw would not be heard and proceeded to limit the hearing to the imposition of postrelease control.  The trial court proceeded to advise Appellant of his postrelease control obligations which were memorialized by the entry being appealed in this case.  Subsequent to the sentencing hearing, the trial court issued a briefing schedule on the motion to withdraw Appellant's guilty plea.

{¶3}    Counsel for Appellant has filed a motion to withdraw as counsel and a brief pursuant to *Anders v. California* (1967), 386 U.S. 738, rehearing den. (1967), 388 U.S. 924, indicating that the within appeal was wholly frivolous and setting forth a proposed assignment of error.  Appellant did not file a pro se brief alleging any additional assignments of error.

{¶4}    Counsel for Appellant has raised the following potential assignment of error:

I.

"THE TRIAL COURT ERRED IN RE-IMPOSING A PERIOD OF POST RELEASE CONTROL AND FAILED TO CONDUCT A PROPER RE-SENTENCING HEARING."

{¶5}    Appellant's case was remanded to the trial court for the sole reason to impose postrelease control.  All other aspects of Appellant's conviction and sentence were affirmed.  The trial court correctly imposed a five year mandatory period of postrelease control for Appellant's conviction of a felony of the first degree pursuant to R.C. 2967.28.

{¶6}    As the Supreme Court recently reiterated in *Fischer,* "[A] complete de novo resentencing is not required when a defendant prevails only as to the post release-control aspect of a particular sentence. In this situation, the post release-control component of the sentence is fully capable of being separated from the rest of the sentence as an independent component, and the limited

resentencing must cover only the post release control. It is only the post release-control aspect of the sentence that is void and that must be rectified. The remainder of the sentence, which the defendant did not successfully challenge, remains valid under the principles of res judicata." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332 (citations omitted).

{¶7} Because the trial court imposed the correct period of postrelease control, we find the hearing was properly conducted. Appellant's potential assignment of error is overruled.

{¶8} Counsel's motion to withdraw is granted, and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, P.J.
    Wise, J. and
    Edwards, J. concur

_____
HON. PATRICIA A. DELANEY

_____
HON. JOHN W. WISE

_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | CASE NO. CT11-0001 |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| DERRICK NORRIS | : | |
| | : | |
| Defendant-Appellant | : | |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Common Pleas Court of Muskingum County, Ohio is affirmed. Costs taxed to appellant.

_____

HON. PATRICIA A. DELANEY

_____

HON. JOHN W. WISE

_____

HON. JULIE A. EDWARDS