[Cite as *State v. Oweis*, 2012-Ohio-443.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO

     Plaintiff-Appellant

-vs-

OSAMA J. OWEIS

     Defendant-Appellee

JUDGES:
Hon. W. Scott Gwin, P. J.
Hon. John W. Wise, J.
Hon. Patricia A. Delaney, J.

Case No. 11 CAA 06 0050

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. 06 CR I 11 513 |
| JUDGMENT: | Affirmed in Part; Reversed in Part and Remanded |
| DATE OF JUDGMENT ENTRY: | February 6, 2012 |
| APPEARANCES: | |

For Plaintiff-Appellant

CAROL HAMILTON O'BRIEN
PROSECUTING ATTORNEY
BRIAN J. WALTER
ASSISTANT PROSECUTOR
140 North Sandusky Street
Delaware, Ohio 43015

For Defendant-Appellee

BRIAN G. JONES
THE LAW OFFICE OF BRIAN JONES
2211 U.S. Highway 23 North
Delaware, Ohio 43015

*Wise, J.*

{¶1}   Appellant/Cross-Appellee State of Ohio appeals the decision of the Court of Common Pleas, Delaware County, following a re-sentencing of Defendant-Appellee/Cross-Appellant Osama J. Oweis. The relevant facts leading to this appeal are as follows.

{¶2}   On August 10, 2007, appellee was convicted by a jury on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1), a felony of the first degree; one count of grand theft, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree; and two counts of kidnapping, in violation of R.C. 2905.01(A)(2), both felonies of the second degree.

{¶3}   The trial court originally sentenced appellee on October 1, 2007. Based on sentencing memoranda submitted by the parties, the trial court did not sentence appellee on the aggravated robbery conviction. However, the trial court sentenced appellee to a total of seventeen years in prison on the kidnapping and grand theft convictions. The trial court informed appellee at the sentencing hearing and journalized in the sentencing entry that as part of his sentence, postrelease control in this case was discretionary for up to three years.

{¶4}   On July 15, 2010, the trial court filed a *Nunc Pro Tunc* Judgment Entry on Sentence pursuant to *State v. Baker,* 119 Ohio St.3d 197, 2008–Ohio–3330. The judgment entry corrected the October 1, 2007 sentencing entry as to the term of appellee's postrelease control ("PRC"). The *nunc pro tunc* sentencing entry stated that appellee was subject to a mandatory term of postrelease control of three years. See

R.C. 2967.28(B)(2). The trial court did not conduct a resentencing hearing before issuing the judgment entry.

{¶5} Appellee thereupon appealed to this Court. On March 30, 2011, we reversed and remanded for a resentencing hearing regarding the trial court's nunc pro tunc entry of July 15, 2010.

{¶6} On May 4, 2011, the trial court conducted a resentencing hearing pursuant to our remand. On May 12, 2011, the trial court issued an entry sentencing appellee to eight years in prison on each of the two kidnapping counts, to be served consecutively to each other. As to the theft count, the trial the court sentenced appellee to serve twelve (12) months in prison, to be served concurrent to the kidnapping counts. Thus, appellee's original sentence from October 1, 2007 was reduced by one year to a total of sixteen years.

{¶7} On June 2, 2011, Appellant State of Ohio filed a notice of appeal. It herein raises the following sole Assignment of Error:

{¶8} "I. THE TRIAL COURT ERRED IN RECONSIDERING THE DEFENDANT'S ORIGINAL SENTENCE DURING A RESENTENCING HEARING LIMITED SOLELY TO THE ISSUE OF THE PROPER IMPOSITION OF POST-RELEASE CONTROL."

{¶9} Appellee has raised the following sole Assignment of Error in his cross-appeal:

{¶10} "APPELLEE WAS DENIED DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND

ARTICLE I SECTION 16 OF THE OHIO CONSTITUTION WHEN THE TRIAL COURT IMPOSED CONSECUTIVE SENTENCES FOR BOTH KIDNAPPING CONVICTIONS."

*State's Appeal*

I.

**{¶11}** In its sole Assignment of Error, Appellant State of Ohio contends the trial court erred in reconsidering the terms of appellee's original sentence when it conducted a PRC resentencing hearing. We agree.

**{¶12}** The Ohio Supreme Court has held that if a defendant is under a sentence in which post-release control was not properly rendered, only the offending portion of the sentence dealing with post-release control is subject to review and correction. See *State v. Fischer,* 128 Ohio St.3d 92, 942 N.E.2d 332, 2010–Ohio–6238. The new sentencing hearing to which the offender is entitled is limited to the issue of post-release control. *Id.*

**{¶13}** Most recently, in a State's appeal raising a similar issue of sentence alteration in the context of a PRC resentencing, we applied *Fischer* and held that the trial court was not authorized to reduce a defendant-appellee's original sentence in such a situation. See *State v. Ewers*, Delaware App.No. 2011–CAA–05–0040, 2011-Ohio-6540. Similarly, we have rejected the argument that a PRC resentencing requires a de novo hearing. See *State v. McPherson*, Licking 10–CA–99, 2011-Ohio-1020. Regardless of whether common law or R.C. 2929.191 applies, the mere lack of PRC notice never entitles a defendant to a full de novo sentencing hearing. See *State vs. Davis,* Washington App.No. 10 CA 9, 2011-Ohio-6776, ¶ 8.

**{¶14}** In accordance with the foregoing case law precedent, the State's sole Assignment of Error is sustained.

*Cross-Appeal*

I.

**{¶15}** In his sole Assignment of Error on cross-appeal, appellee contends the trial court erred and denied him due process of law by ordering consecutive sentences for both of the kidnapping convictions, which he maintains involved no separate animus.

**{¶16}** In *State v. Franklin*, Cuyahoga App.No. 95991, 2011-Ohio-4953, the Eighth District Court of Appeals, in light of *Fischer,* supra, reiterated that the issue of merger of allied offenses was barred by res judicata on a defendant's appeal from resentencing to impose postrelease control because the issue did not arise from the resentencing hearing. Id. at ¶ 11-12. See, also, *State v. Hunter,* Cuyahoga App. Nos. 95111, 95112, and 95113, 2011–Ohio–1682.

**{¶17}** We find the rationale of *Franklin* comports with the holding of *Fischer* by properly restricting the confines of PRC resentencing. We therefore apply the holding in *Franklin* to the circumstances of the case sub judice, and find appellee's challenges to his kidnapping convictions and sentences are presently barred.

**{¶18}** Cross-Appellant's sole Assignment of Error is overruled.

**{¶19}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby affirmed in part, reversed in part, and remanded for correction of appellee's sentence to seventeen years.

By: Wise, J.

Gwin, P. J., and Delaney, J., concur.

_____

_____

_____

JUDGES

# IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
## FIFTH APPELLATE DISTRICT

STATE OF OHIO                        :

                                     :

       Plaintiff-Appellant             :

                                       :

-vs-                                      :           JUDGMENT ENTRY

                                       :

OSAMA J. OWEIS                :

                                       :

       Defendant-Appellee       :           Case No. 11 CAA 06 0050

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed in part and reversed in part.

Costs to be assessed to appellee.

_____

_____

_____

                              JUDGES