[Cite as *State v. Myers*, 2012-Ohio-660.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 11-CA-7 |
| CRISTEN L. MYERS, SR. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Perry County Court of
                             Common Pleas Case No. 00-CR-6996



JUDGMENT:                    AFFIRMED

DATE OF JUDGMENT ENTRY:      February 15, 2012


APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

JOSEPH A. FLAUTT                       STEVEN P. SCHNITTKE
Prosecuting Attorney                   Schnittke and Smith
111 North High Street                  114 South High Street
New Lexington, Ohio  43764             New Lexington, Ohio 43764

*Delaney, J.*

{¶1} Defendant-Appellant Cristen L. Myers appeals the decision of the Perry County Court of Common Pleas following a resentencing hearing to correct the imposition of postrelease control.

{¶2} In 2001, Appellant was convicted by a jury for one count of attempted murder, one count of aggravated burglary, one count of felonious assault and one count of violating a protection order. By judgment entry of sentence filed March 13, 2001, the trial court sentenced appellant to an aggregate term of twenty years in prison. By judgment entry of resentence filed July 13, 2001, Appellant was resentenced in order to include the findings necessary to impose consecutive sentences. The entry stated that the trial court notified Appellant that postrelease control up to three years was mandatory in this case. Appellant's convictions and sentences were affirmed on appeal. *State v. Myers,* 5th Dist. No. 01-CA-5, 2002-Ohio 253.

{¶3} On May 22, 2009, Appellant filed a motion to void the unexpired term of incarceration and for resentencing to correct the error in the July 13, 2001 entry he was subject to only three years of postrelease control instead of the mandatory five years. By entry filed June 24, 2009, the trial court denied Appellant's request to void the unexpired term of incarceration. By nunc pro tunc judgment entry of resentence filed July 10, 2009, the trial court corrected the error.

{¶4} Appellant appealed the nunc pro tunc judgment entry. In *State v. Myers*, 5th Dist. No. 10-CA-4, 2010-Ohio-5979, ("*Myers* II") this Court found the trial court erred in filing a nunc pro tunc entry and resentencing Appellant without a hearing. The matter

was remanded to the trial court for a de novo hearing, citing *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250 and *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085.

{¶5}    A resentencing hearing on the matter of postrelease control was held on March 3, 2011.  By entry filed March 29, 2011, the trial court notified Appellant that postrelease control of five years was mandatory in this case, as well as the consequences of violating condition of postrelease control imposed by the Parole Board.

{¶6}    Appellant timely appealed the resentencing entry.

{¶7}    Appellant raises seven Assignments of Error:

{¶8}    "I.  THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING DEFENDANT/APPELLANT TO CONSECUTIVE SENTENCES FOR THE CONVICTIONS OF ATTEMPTED MURDER (ORC 2903.02(A) AND FELONIOUS ASSULT (ORC 2903.11(A) AS SAID CRIMES ARE ALLIED OFFENSES OF SIMILAR IMPORT.

{¶9}    "II.  THE TRIAL COURT ABUSED ITS DISCRETION BY SENTENCING DEFENDANT/APPELLANT TO CONSECUTIVE SENTENCES FOR THE CONVICTIONS OF FELONIOUS ASSAULT (ORC 2903.11(A)(1) AND ATTEMPTED MURDER (ORC 2903.02(A)(1) AS SAID CRIMES ARE ALLIED OFFENSES OF SIMILAR IMPORT.

{¶10} "III.  THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DISREGARDING THE MANDATE OF THE FIFTH DISTRICT COURT OF APPEALS WHICH VACATED DEFENDANT/APPELLANT'S SENTENCE WITH REMAND FOR A DE NOVO RE-SENTENCING HEARING, CREATING AN INJUSTICE.

{¶11} "IV.    THE TRIAL COURT WAS IN ERROR WHEN IT APPLIED THE PRINCIPLE OF RES JUDICATA TO BAR THE APPLICATION OF THE NEW SUBSTANTIVE INTERPRETATION ANNOUNCED IN STATE V JOHNSON, 124 OHIO ST. 3D 153.

{¶12}  "V.   THE MITTIMUS ISSUED BY THE COMMON PLEAS COURT OF PERRY COUNTY, OHIO FOLLOWING THE MARCH 3, 2011 RESENTENCING HEARING IS VOID AND INSUFFICIENT TO WARRANT THE DETENTION OF CRISTEN L. MYERS, SR.

{¶13}  "VI. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT BY EXCEEDING ITS JURISDICTIONAL AUTHORITY WHEN IMPOSED CONSECUTIVE SENTENCES IN THE ABSENCE OF STATUTORY AUTHORITY.

{¶14}   "VII. THE CONSECUTIVE SENTENCE IMPOSED BY TRIAL COURT IS VIOLATIVE OF THE DEFENDANT/APPELLANT'S LIBERTY INTEREST PROTECTED BY THE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

{¶15}  At the outset, it must be noted that shortly after our opinion was issued in *Myers* II, the Ohio Supreme Court rendered its decision in *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238. In *Fischer*, the Court clarified that a new sentencing hearing to which an offender is entitled under *Bezak*, supra, is limited to the proper imposition of postrelease control.  Id. at syllabus two.  The Court also stated that res judicata applies to all other aspects of the merits of the conviction, including the determination of guilt and the lawful elements of the ensuing sentence. Id. at syllabus three.

{¶16}  The record in this case demonstrates that the trial court properly followed the law established by *Fischer* and limited Appellant's rehearing to the imposition of postrelease control, rather than conducting a de novo hearing as instructed by this Court on remand.

{¶17}  On appeal, Appellant raises matter pertaining to the merger of allied offenses, the propriety of consecutive sentences and validity of the underlying prison sentence.  The trial court did not address these issues at rehearing, nor are they address in the entry filed March 29, 2011.

{¶18}  In addition, *Fischer* further instructs that "[t]he scope of an appeal from a resentencing hearing in which a mandatory term of postrelease control is imposed is limited to issues arising at the resentencing hearing.

{¶19}  Accordingly, Appellant's assignments of error are overruled in total.

{¶20}  The judgment of the Perry County Court of Common Pleas is affirmed.

By: Delaney, J.

Gwin, P.J. and

Wise, J. concur.

_____
HON. PATRICIA A. DELANEY

_____
HON. W. SCOTT GWIN

_____
HON. JOHN W. WISE

[Cite as *State v. Myers*, 2012-Ohio-660.]

IN THE COURT OF APPEALS FOR PERRY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| CRISTEN L. MYERS, SR. | : | |
| | : | |
| Defendant-Appellant | : | Case No. 11-CA-7 |
| | : | |

For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Perry County Court of Common Pleas is affirmed.  Costs assessed to Appellant.

_____
HON. PATRICIA A. DELANEY


_____
HON. W. SCOTT GWIN


_____
HON. JOHN W. WISE