[Cite as *State v. Oweis*, 2013-Ohio-1998.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | Case No. 12 CAA 04 0032 |
| OSAMA J. OWEIS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Delaware County
Court of Common Pleas, Case No.
06CR-I-11-0513

JUDGMENT:              AFFIRMED

DATE OF JUDGMENT ENTRY:    May 8, 2013

APPEARANCES:

For Appellant:

WILLIAM T. CRAMER
470 Olde Worthington Road, Suite 200
Westerville, OH 43082

For Appellee:

CAROL HAMILTON O'BRIEN
DELAWARE CO. PROSECUTOR
BRIAN J. WALTER
140 North Sandusky St.
Delaware, OH 43015

*Delaney, P.J.*

{¶1} Appellant Osama Oweis appeals from the March 28, 2012 Amended Judgment Entry on Sentence Pursuant to Remand of the Delaware County Court of Common Pleas. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} A statement of the facts underlying appellant's convictions is not necessary to our disposition of this appeal.

{¶3} On August 10, 2007, appellant was convicted by jury upon one count of aggravated robbery pursuant to R.C. 2911.01(A)(1), a felony of the first degree; one count of grand theft pursuant to R.C. 2913.02(A)(1), a felony of the fifth degree; and two counts of kidnapping pursuant to R.C. 2905.01(A)(2), both felonies of the second degree.

{¶4} Appellant was sentenced on October 1, 2007.[1] Based on sentencing memoranda submitted by the parties, the trial court did not sentence appellant upon the aggravated robbery conviction. However, the trial court sentenced appellant to a total of 17 years in prison on the kidnapping and grand theft convictions. The trial court informed appellant at the sentencing hearing and journalized in the sentencing entry that as part of his sentence, post-release control was discretionary for up to 3 years.

{¶5} On July 15, 2010, the trial court filed a Nunc Pro Tunc Judgment Entry on Sentence pursuant to *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330. The judgment entry corrected the October 1, 2007 sentencing entry as to the term of appellant's post-release control ("PRC") and stated appellant was subject to a

---

[1] We affirmed appellant's conviction in his first direct appeal, *State v. Oweis*, 5th Dist. No. 07 CAA 10 0051, 2008-Ohio-4698.

mandatory term of PRC of three years. See R.C. 2967.28(B)(2). The trial court did not conduct a resentencing hearing before issuing the judgment entry.

{¶6} Appellant thereupon appealed to this Court. On March 30, 2011, we reversed and remanded for a resentencing hearing regarding the trial court's nunc pro tunc entry of July 15, 2010. *State v. Oweis*, 5th Dist. No. 10 CAA 08 0060, 2011-Ohio-1620.

{¶7} On May 4, 2011, the trial court conducted a resentencing hearing pursuant to our remand. On May 12, 2011, the trial court issued an entry sentencing appellant to eight years in prison on each of the two kidnapping counts, to be served consecutively to each other. As to the theft count, the trial the court sentenced appellant to serve twelve months in prison, to be served concurrent to the kidnapping counts. Thus, appellant's original sentence from October 1, 2007 was reduced by one year to a total of 16 years.

{¶8} Appellee appealed the resentencing, arguing the trial court erred in reconsidering the terms of appellant's original sentence when it conducted a PRC resentencing hearing. Appellant cross-appealed, asserting the trial court erred and deprived him of due process of law by ordering consecutive sentences upon the kidnapping convictions, which he maintained involved no separate animus. We agreed with appellee, disagreed with appellant, and therefore affirmed the trial court's judgment in part but reversed in part. *State v. Oweis*, 5th Dist.No. 11CAA060050, 2012-Ohio-443. We remanded the matter to the trial court "for correction of appellee's sentence to seventeen years." Id., at ¶ 19.

{¶9}   On March 23, 2012, the trial court held a resentencing hearing pursuant to the remand order and re-imposed appellant's 17-year sentence.

{¶10} Appellant now appeals from the trial court's resentencing entry of March 28, 2012.

## ASSIGNMENT OF ERROR

{¶11} Appellant raises one Assignment of Error:

{¶12} "I. APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS AND PROTECTIONS FROM DOUBLE JEOPARDY WERE VIOLATED WHEN THE COURT IMPOSED MULTIPLE SENTENCES FOR ALLIED OFFENSES IN VIOLATION OF R.C. 2941.25."

## ANALYSIS

{¶13} Appellant argues his convictions upon one count of grand theft and two counts of kidnapping should merge for purposes of sentencing, and that the question of merger should not be barred by res judicata.  We disagree.

{¶14} As appellant acknowledges, the threshold issue in this appeal is the application of res judicata.   Upon cross-appeal in *State v. Oweis*, 5th Dist. No. 11CAA060050, 2012-Ohio-443, supra, appellant raised a similar argument to his argument sub judice: the trial court erred and denied him due process of law by ordering consecutive sentences for each kidnapping offense because each did not involve a separate animus.  We held, though, that "* * * the issue of merger of allied offenses was barred by res judicata on a defendant's appeal from resentencing to impose post-release control because the issue did not arise from the resentencing

hearing." Id., ¶ 16, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332 and *State v. Franklin*, 8th Dist. No. 95991, 2011-Ohio-4953.

{¶15} Similarly, in the case sub judice we find appellant's challenge to consecutive sentences for grand theft and kidnapping to be barred because the issue is beyond the "confines of PRC resentencing." *State v. Oweis*, supra, 2012-Ohio-443 at ¶ 17. See, *State v. Millette*, 5th Dist. No. 11-CA-23, 2011-Ohio-6357, appeal not allowed, 131 Ohio St.3d 1554, 2012-Ohio-2263, 967 N.E.2d 765.

{¶16} Appellant urges us to find that the trial court's failure to merge the grand theft and kidnapping convictions for sentencing purposes resulted in a void sentence to which the doctrine of res judicata does not apply, but we reject this argument (as we have in appellant's prior appeal). In *Fischer*, the Ohio Supreme Court further determined that the doctrine of res judicata "still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Fischer*, supra, paragraph three of the syllabus. We find this applicable to the allied-offenses argument that appellant now raises, which could have been raised in his original direct appeal. Thus, res judicata bars consideration of this issue in this appeal.

## CONCLUSION

{¶17} For the foregoing reasons, appellant's sole assignment of error is overruled and the judgment of the Delaware County Court of Common Pleas is affirmed.

By: Delaney, P.J.

Hoffman, J. and

Farmer, J. concur.

_____

HON. PATRICIA A. DELANEY


_____

HON. WILLIAM B. HOFFMAN


_____

HON. SHEILA G. FARMER

PAD:kgb

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| | : | |
| STATE OF OHIO | : | |
| | : | |
| Plaintiff - Appellee | : | JUDGMENT ENTRY |
| | : | |
| -vs- | : | |
| | : | |
| OSAMA OWEIS | : | Case No.    12 CAA 04 0032 |
| | : | |
| Defendant - Appellant | : | |
| | : | |
| | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the

Delaware County Court of Common Pleas is affirmed.  Costs assessed to Appellant.


_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN


_____
HON. SHEILA G. FARMER