[Cite as *State v. Daviduk*, 2016-Ohio-7515.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 2015CA00209 |
| | : | |
| SHAWN STEPHEN DAVIDUK | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court of Common Pleas, Case No. 2001CR0431

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      October 24, 2016

APPEARANCES:

For Plaintiff-Appellee:

JOHN D. FERRERO, JR.
STARK CO. PROSECUTOR
RONALD MARK CALDWELL
110 Central Plaza South, Ste. 510
Canton, OH 44702-1413

For Defendant-Appellant:

SHAWN DAVIDUK, PRO SE
#407-531
Ohio State Penitentiary
878 Coitsville-Hubbard Road
Youngstown, OH 44505

*Delaney, J.*

{¶1}   Appellant Shawn Stephen Daviduk appeals from the October 29, 2015 "Re-Sentencing" judgment entry of the Stark County Court of Common Pleas.  Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   A statement of facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal.

{¶3}   Appellant was convicted of attempted murder, felonious assault, multiple counts of aggravated robbery, and accompanying firearm specifications in 2001.  He was sentenced to an aggregate prison term of 37 years.   Appellant directly appealed his convictions and sentence and we affirmed.   *State v. Daviduk*, 5th Dist. Stark No. 2001CA0213, 2002-Ohio-1288, motion for delayed appeal denied, 143 Ohio St.3d 1497, 2015-Ohio-4468, 39 N.E.3d 1269 (2015).

{¶4}   On August 3, 2015, appellant filed a "Motion to Vacate Void Sentence" pursuant to *State v. Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, and a hearing was held on October 19, 2015.[1]

---

[1] In the meantime, appellant filed a motion to appoint counsel for the instant appeal, a motion for completion of complete transcripts at appellee's expense, and a motion to withdraw his guilty plea pursuant to Crim.R. 32.1. In a Judgment Entry of March 24, 2016, the trial court granted the motion for transcript in part, noting appellant is entitled to a transcript of the October 19, 2015 resentencing hearing at appellee's expense.  The clerk's Notice of Filing of the Record, however, indicates no transcript of the October 19 hearing was filed and no transcript of the resentencing hearing is included in the record before us.

{¶5}   On October 29, 2015, the trial court resentenced appellant in accord with *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, "as it relates to post-release control."

{¶6}   Appellant now appeals from the trial court's Re-Sentencing entry of October 29, 2015.

{¶7}   Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶8}   "I.  PROSECUTORIAL MISCONDUCT DURING THE TRIAL RENDERED APPELLANT'S TRIAL FUNDAMENTALLY UNFAIR AND A NEW TRIAL SHOULD BE GRANTED BY THE DENIAL OF APPELLANT'S DUE PROCESS RIGHTS."

{¶9}   "II.  THE APPELLANT'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

**ANALYSIS**

I., II.

{¶10} Appellant's two assignments of error are related in that both arise from his 2001 trial, not the resentencing hearing, and both will be considered together.  Appellant argues he was denied due process due to prosecutorial misconduct and his convictions are against the manifest weight of the evidence.  We find both arguments are barred by res judicata and thus affirm.

{¶11} As noted supra in footnote one, the appellate record does not include a transcript of the October 19, 2015 resentencing hearing.  Nonetheless, our consideration of appellant's assignments of error is limited only by the application of *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332.

{¶12} Appellant's arguments raise two issues: alleged prosecutorial misconduct at his trial in 2001 and a claim that his convictions are against the manifest weight of the evidence. These arguments are not premised upon the imposition of post-release control at resentencing. We have found arguments such as these to be barred by res judicata on appeals from resentencing if the issues did not arise from the resentencing hearing itself. See, *State v. Oweis*, 5th Dist. Delaware No. 11 CAA 06 0050, 2012-Ohio-443, ¶ 12, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010–Ohio–6238, 942 N.E.2d 332 and *State v. Franklin*, 8th Dist. No. 95991, 2011–Ohio–4953; see also, e.g., *State v. Patterson*, 5th Dist. Stark No. 2015CA00125, 2015-Ohio-4325, ¶ 18, appeal not allowed, 144 Ohio St.3d 1462, 2016-Ohio-172, 44 N.E.3d 289, reconsideration denied, 145 Ohio St.3d 1427, 2016-Ohio-1173, 47 N.E.3d 169; *State v. Norris*, 5th Dist. Muskingum No. CT11-0001, 2012-Ohio-485; *State v. Myers*, 5th Dist. Perry No. 11-CA-7, 2012-Ohio-660, appeal not allowed, 132 Ohio St.3d 1424, 2012-Ohio-2729, 969 N.E.2d 271.

{¶13} Appellant could have litigated both claims via his direct appeal from his convictions and sentence. This latest round of new arguments is thus barred by principles of res judicata. The *Perry* court explained the doctrine as follows:

> Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment.
> *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).

{¶14} The hearing on October 19, 2015 was limited to resentencing to properly impose post-release control pursuant to *Fischer*, supra.  In that case, the Ohio Supreme Court noted the effect of res judicata on the remaining portion of the sentence:

> * * * Just as *Saxon* held that a complete resentencing is not required when a defendant on appeal prevails on a challenge only as to one offense in a multiple-offense case, a complete de novo resentencing is not required when a defendant prevails only as to the postrelease-control aspect of a particular sentence. In this situation, the postrelease-control component of the sentence is fully capable of being separated from the rest of the sentence as an independent component, and the limited resentencing must cover only the post release control. It is only the postrelease-control aspect of the sentence that is void and that must be rectified. The remainder of the sentence, which the defendant did not successfully challenge, remains valid under the principles of res judicata. See *Saxon* [109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824], at ¶ 17–19."
>
> *Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, at ¶ 21–22 (O'Connor, J., dissenting, joined by Lundberg Stratton, J.).
>
> *State v. Fischer*, 128 Ohio St.3d 92, 97, 2010-Ohio-6238, 942 N.E.2d 332, 338-39, ¶ 17 (2010)

{¶15} We find appellant's assignments of error are barred by res judicata and the finality of appellate judgments.  Appellant's two assignments of error are overruled.

**CONCLUSION**

{¶16} Appellant's two assignments of error are overruled and the judgment of the Stark County Court of Common Pleas is affirmed.

By:  Delaney, J. and

Gwin, P.J.

Baldwin, J., concur.